**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Larry Reichard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:09-27-PMD |
| v. | ) | |
| | ) | |
| The Muhler Company, Inc., | ) | **Order** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This employment discrimination matter is before the court upon Plaintiff Larry Reichard's objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this court grant Defendant The Muhler Company, Inc.'s motion for summary judgment. Plaintiff was hired as a full-time employee by Defendant in 2006, after initially being employed as a temporary worker, and at which time Plaintiff was approximately 59 years old. Defendant alleges that Plaintiff was an at-will employee, who held several different positions with it, of which his last was that of an inventory control specialist. Ultimately, on June 15, 2007, Defendant discharged Plaintiff, and in response, Plaintiff has filed suit against Defendant, alleging that Defendant terminated his employment in violation of the Age Discrimination in Employment Act of 1967, as amended. Having reviewed the entire record, including Plaintiff's objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this order.

# LEGAL STANDARDS OF REVIEW

## I.        The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.*

## II.       Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The

"obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

## ANALYSIS OF PLAINTIFF'S OBJECTIONS

As discussed above, Plaintiff claims that Defendant subjected him to disparate treatment in violation of the Age Discrimination in Employment Act ("ADEA") by terminating his employment allegedly because of his age. The ADEA provides, in relevant part "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a disparate-treatment claim under the ADEA, therefore, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2342, 2351 (June 18, 2009).

With respect to the evidentiary framework applied to a disparate treatment claim under the ADEA, the Fourth Circuit has continued to apply the burden-shifting method of proof pronounced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), *see Bodkin v. Town of Strasburg*, 2010 U.S. App. LEXIS 13290, at *4–5 (4th Cir. June 29, 2010), despite the Supreme Court's recent statement in *Gross* that it "has not definitively decided" whether the *McDonnell Douglas* framework, first developed in the context of Title VII cases, "is appropriate in the ADEA context." *Gross*, 129 S. Ct. at 2349 n.2. To prevail under the burden-shifting framework, Plaintiff must first show: (1) he

3

is "a member of a protected class"—that is, 40 years or older; (2) he "suffered an adverse employment action"; (3) he "was performing [his] job duties at a level that met [his] employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open" or he was replaced by a substantially younger person. *Hill v. Lockheed Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). If Plaintiff can establish a prima facie case, the burden then shifts to the Defendant to produce a legitimate, nondiscriminatory reason for its actions against Plaintiff. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–54 (1981). And if Defendant meets this burden, Plaintiff must show by a preponderance of the evidence that the proffered reason was pretextual and that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs.*, 129 S. Ct. 2342, 2351 (2010); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Moreover, "[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352.

In this case, the Magistrate Judge determined that Plaintiff failed to establish two of the elements required to make a prima facie case for disparate treatment — that he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action and that the position remained open or he was replaced by a substantially younger person;[1] therefore, the Magistrate Judge recommended that the court grant Defendant's motion for summary judgment. (R&R at 12.) The record shows that Plaintiff received a good performance evaluation on May 9, 2006, from his supervisor Thomas Gaulden. Eventually, however,

---

[1]It is undisputed that Plaintiff is a member of a protected class and that he was subjected to an adverse employment action, in that he was over 40 years old at the time his employment with Defendant was terminated.

Kevin McNamara became Plaintiff's supervisor, and Plaintiff testified in his deposition that he was told by Mr. McNamara to stop asking for, or borrowing, money from co-workers, which Plaintiff testified was a common practice among Defendant's employees. Plaintiff also testified that, on a later date, Suzann Yonce, Defendant's Director of Human Resources, met with Plaintiff, along with Mr. McNamara and Bruce Weber, Defendant's Director of Engineering, and during the meeting, Ms. Yonce also instructed Plaintiff to stop borrowing money from people at work because it was causing others to dislike him. Ms. Yonce encouraged Plaintiff to seek financial counseling.

At some point in 2007, Plaintiff also admitted that Mr. McNamara spoke with him about reading the newspaper while on the job, and on February 28, 2007, Mr. Weber issued a letter of discipline against Plaintiff after catching Plaintiff working on a crossword puzzle while on the job. In the letter, which Plaintiff signed in acknowledgment, Mr. Weber advised Plaintiff that personal entertainment was not permitted during work hours and, if he continued to violate this guideline, that Plaintiff's discipline could be as severe as getting discharged. Also in 2007, Michael Gartside replaced Mr. McNamara as Plaintiff's supervisor, and Plaintiff testified that Mr. Gartside did not like him "from day one," because Plaintiff had complained to Mr. McNamara about the way Mr. Gartside did his job as a salesmen prior to becoming Plaintiff's supervisor. Plaintiff also testified that certain co-workers also believed that Mr. Gartside did not like him, although Plaintiff admitted that he never complained to Ms. Yonce or anybody else about his belief that Mr. Gartside was not willing to get along with him.

On March 30, 2007, Mr. Gartside issued Plaintiff a written warning for "carelessness" based on two separate occasions in which Plaintiff failed to have "orders for shipment properly picked and issued." None of the parties dispute that Plaintiff received this warning, indicated on the warning that

he agreed with Mr. Gartside's compliant, and signed the warning to indicate that he understood it. Around this time, Plaintiff began making his own notes about his employment and other issues, and Plaintiff claims that Mr. Gartside twice referred to him as "the old man" between April and May of 2007. Ultimately, Defendant decided to terminate Plaintiff's employment. In her affidavit, Ms. Yonce attests to the fact that Plaintiff was counseled on numerous occasions by Mr. Gartside and Mr. Weber for unsatisfactory work performance, including carelessness on the job. Ms. Yonce also attests to the fact that in May and early June of 2007, Mr. Gartside counseled Plaintiff multiple times regarding his work performance, in particular, over the fact that Plaintiff "neglected his duties when picking up materials for outgoing shutter orders." Therefore, Plaintiff's employment was ultimately terminated for unsatisfactory work performance.

In his affidavit, Plaintiff attests that he was replaced by a less qualified younger woman, but he provides no other information or evidence to support this assertion. In her affidavit, Ms. Yonce explains that no one was hired to fill Plaintiff's position. In fact, Ms. Yonce attests to the fact that Defendant closed its manufacturing operation within approximately nine months after Plaintiff's termination, with any remaining employees being laid off, and that the Defendant no longer has a manufacturing department. Finally, Ms. Yonce attests that at no time during his employment or during his termination meeting did Plaintiff make any complaint or allegation regarding discrimination or harassment based upon his age or any other reason.

Again, based on this record, the Magistrate Judge determined that Plaintiff had failed to establish that he was performing his job duties at a level that met his employer's legitimate expectations because Plaintiff concedes that he was disciplined for displaying carelessness on the job on several occasions, counseled about borrowing money from co-workers, and disciplined for

working on crossword puzzles while on the job. Moreover, the Magistrate Judge found that Plaintiff has failed to establish an issue of fact as to whether he was discharged because of his age. The only evidence related to Plaintiff's age came from Plaintiff himself, in which he claims that Mr. Gartside made two age related comments, apparently in April or May of 2007, wherein Mr. Gartside referred to Plaintiff as "the old man." The Magistrate Judge determined that Plaintiff had not shown how these isolated comments were in any way connected to Plaintiff's self-admitted employment deficiencies and were not sufficient to establish a genuine issue of fact as to whether his disciplinary actions or termination were based on his age.

In his objections, Plaintiff argues that the Magistrate Judge misunderstood the explanation for his termination because he claims he was terminated for not being able to get along with management and that he was attempting to undermine his supervisor. (Objections at 5.) Contrary to Plaintiff's assertion, his "Employee Separation/Termination" documentation states that Plaintiff was terminated for "unsatisfactory performance," and what is more, Plaintiff signed this document to acknowledge the reason for his termination. Moreover, Plaintiff has not provided any evidence to support his assertion that he was terminated for not being able to get along with management or that he was attempting to undermine his supervisor. Therefore, the court finds this objection meritless.

In his objections, Plaintiff also suggests that the Magistrate Judge should not have considered any of Plaintiff's employment deficiencies that occurred prior to Mr. Gartside becoming his supervisor. (*Id.*) He does not explain why he believes this should be the case, but it is clear that the Magistrate Judge reviewed Plaintiff's entire employment history with Defendant in order to see if Defendant's proffered reason for terminating Plaintiff's employment—for providing an unsatisfactory work performance—was supported by the record and was not a pretext to age

discrimination. Thus, the court finds this objection meritless. Lastly, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has not created an issue of fact over whether Plaintiff's age was the "but for" cause of his termination. (*Id.*) He points out that he testified to the fact that Mr. Gartside, his supervisor, indicated to him that they were not going to get along and that Mr. Gartside referred to him as an old man. Plaintiff also provided the court with a statement from Sydney Martin, who apparently also worked for Defendant at the same time as Plaintiff did. In the statement, Ms. Martin claims that Plaintiff performed his work duties at or above the expectations of his employer. Based on this evidence, Plaintiff believes the record contains sufficient evidence from which a jury could reasonably find for him.

The court disagrees. First, the statement by Ms. Martin was never sworn to or signed by her. Moreover, Plaintiff has not explained who Ms. Martin is and in what capacity she served for Defendant to be able to assert that Plaintiff performed his work duties at or above Defendant's expectations. Accordingly, this evidence bears little weight in light of Plaintiff's other infractions. And the court does not find Mr. Gartside's references to Plaintiff as "an old man" sufficient to create a genuine issue of age discrimination in this case. In order for derogatory remarks to be indicative of discrimination, the statements must not be isolated or ambiguous, and there must be a nexus between the statements and the challenged employment decision. *O'Connor v. Consolidated Coin Caterers Corp.*, 56 F.3d 542, 548–49 (4th Cir. 1995), *rev'd on other grounds* 517 U.S. 308 (1996). Here, Plaintiff demonstrates no nexus between the repeated "old man" reference and his termination. Moreover, the remarks were isolated and do not provide evidence that "clearly indicates a discriminatory attitude at the workplace" with a "nexus" to the "employment action." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 608 (4th Cir. 1999).

Furthermore, as discussed by Defendant and the Magistrate Judge, Plaintiff was approximately 58 or 59 years old at the time he was hired by Defendant, and it seems unreasonable to believe that Defendant would discharge Plaintiff because of his age merely two and a half years after making him a full-time employee. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("An individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class. This general principle applies regardless of whether the class is age, race, sex, or some other protected classification."). Therefore, the court finds that Plaintiff has not produced sufficient evidence by which a reasonable jury could find that, but for his age, Plaintiff's employment would not have been terminated.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendant The Muhler Company, Inc.'s motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

August 31, 2010
Charleston, SC

9